**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TOMMY LEE,

    Petitioner,

v.                                                    CASE NO: 8:08-CV-955-T-30TBM

WALTER A. McNEIL, Secretary,
Florida Department of Corrections, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Dkt. #1). The Court has considered the petition, Respondents' response, (Dkt. #7), and Petitioner's reply. (Dkt. #11). Upon review, the Court determines that the petition must be denied because Petitioner fails to meet the requirements of 28 U.S.C.§2254 (d) and (e).

## BACKGROUND

Tommy Lee, (hereinafter referred to as "Petitioner") was charged by information on December 1, 2004, in Hernando County, Florida with one count of aggravated assault of a law enforcement officer with a firearm in violation of Fla. Stat. §§784.021(1)(a), 784.07, and 775.087(2)(a)1, (Count 1). Petitioner was additionally charged by amended information on November 18, 2005, of felony fleeing or attempting to elude, in violation of Fla. Stat. §§316.1935(3)(a) and 777.011, (Count 2).

Petitioner wrote a letter to the trial court asking for removal of appointed counsel. Petitioner did not believe appointed counsel was representing him with Petitioner's best interest in mind. The trial court held a hearing on July 21, 2005, on Petitioner's motion for new counsel. Appointed counsel was not present at the hearing, another assistant public defender attended to represent Petitioner. The trial court listened to Petitioner's concerns, reviewed appointed counsel's files and conferred with the assistant public defender present at the hearing. After determining that the appointed counsel's performance was not deficient and that he was prepared to proceed to trial, the court denied the motion.

On February 6, 2006, Petitioner waived his right to a jury trial and elected a bench trial. On February 9, 2006, Petitioner was found guilty on both counts. Petitioner appealed his conviction and sentence, claiming the trial court erred in denying his motion for judgment of acquittal. Petitioner's conviction and sentence were affirmed *per curiam* without opinion on November 21, 2006, by the Fifth District Court of Appeals. Lee v. State, 944 So.2d 377 (Fla. 5th DCA 2006).

Petitioner filed a motion on September 24, 2007, for post-conviction relief under Fla. R. Crim. P. 3.850. Petitioner's motion for post-conviction relief was based on three grounds: (1) ineffective assistance of counsel for failing to advise Petitioner of the option to request a change of venue, where facts and circumstances would support the request; (2) ineffective assistance of counsel for failing to make a motion for the trial court to order a second mental health evaluation of Petitioner; (3) ineffective assistance of counsel by cumulative deficient performance manifesting hostility and conflict of interest. On November

14, 2007, the post-conviction court issued a written opinion denying Petitioner's 3.850 motion. Petitioner appealed and the post-conviction court's decision was affirmed *per curiam,* without opinion on March 11, 2008. Lee v. State 979 So. 2d 240 (Fla. 5th DCA 2008). Petitioner made a motion for rehearing, motion for rehearing en banc and request for written opinion on March 18, 2008. The motion was denied on April 18, 2008.

Petitioner exhausted his state remedies and timely filed the instant petition for habeas relief under 28 U.S.C. §2254.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "...a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2255(a). Where a State court initially considers the issue raised in the petition and enters a decision on the merits, 28 U.S.C. §2255(d) governs the review of those claims. See Perry v. Johnson, 532 U.S. 782,792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding.

28 U.S.C. §2254(d). <u>Prince v. Vincent</u>, 538 U.S. 634, 638-39 (2003); <u>Clark v. Crosby</u>, 335 F.3d 1303, 1308 (11th Cir. 2003). Finally a state court's factual finding is to be presumed to be correct and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1); *Henderson*, 353 F.3d at 890-91.

## **DISCUSSION**

Petitioner's claims supporting his §2254 motion are identical to the claims raised in Petitioner's 3.850 motion before the State court. All three grounds are based on a claim of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced Petitioner's case. <u>Strickland v. Washington</u> 466 U.S. 668, 687 (1984).

In denying Petitioner's 3.850 motion, the court discussed the merits of Petitioner's claims and applied the test set out in <u>Strickland v. Washington</u> to determine ineffective assistance of counsel. The court found that the record did not support a finding of deficient performance by appointed counsel on any of the grounds raised by Petitioner. In a federal habeas petition, "a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." §2254(d)(1). A federal court may not issue a writ of habeas

corpus unless the state decision was based on an unreasonable determination of the facts in light of the evidence. §2254(d)(2); Carter v. Johnson, 110 F.3d 582, 590-592 (5th Cir. 1997).

**GROUND ONE**

Petitioner's first claim is that counsel was ineffective for failing to advise Petitioner of the option to request a change of venue. Petitioner claims that due to the extent of prejudicial pre-trial publicity, he thought he would not receive an impartial jury and therefore waived his right to a jury trial. To support his claim of prejudicial pre-trial publicity, Petitioner attached three articles to his motion. One article was published a few days prior to Petitioner's decision to waive his right to a jury trial, the other two were published days after. Appointed counsel advised Petitioner against waiving his right to a jury trial, but did not tell him there was an option to request a change of venue.

"The constitutional standard of fairness requires that a defendant have a panel of impartial, 'indifferent' jurors. Qualified jurors need not be totally ignorant of the facts and issues involved." Murphy v. Florida 421 U.S. 794, 799-801 (1975) (citations omitted). It remains open to the defendant to demonstrate the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality. Irvin v. Dowd 366 U.S. 717, 723 (1960).

Petitioner's argument that counsel was ineffective for not advising Petitioner of an option for change of venue is without merit. Petitioner's claim that pre-trial publicity was so prejudicial as to render finding an impartial jury impossible is not supported by the record. Petitioner only points to one article that was published before he waived his right. This is not

substantial enough to support a change of venue. Petitioner must also show that potential jurors were actually affected by the pre-trial publicity. Petitioner cannot show this because he waived his right to a jury trial, so there was no attempt to select impartial jurors.

It is reasonable, based on the lack of extensive pre-trial publicity, that appointed counsel did not believe Petitioner had any basis for requesting a change of venue. Appointed counsel's failure to advise Petitioner of the option under these circumstances is not ineffective assistance of counsel and the state post-conviction court did not misapply Strickland.

**GROUND TWO**

Ground two of Petitioner's motion alleges appointed counsel was ineffective by failing to make a motion requesting a second mental health examination. Petitioner alleges that Petitioner's death threats to appointed counsel, Petitioner's suicide attempts and Petitioner's medications should have caused appointed counsel to request an additional mental health evaluation. Petitioner cites Fla. R. Crim. P. 3.210(b) to support his argument. That rule allows defense counsel to make motions for mental health examinations, but requires such motion to be made in good faith and based on reasonable grounds. Petitioner asserts that because appointed counsel did not to ask for an additional examination, counsel's performance was deficient.

Appointed counsel had Petitioner examined to determine if there were reasonable grounds to file a competency motion. The examiner did not find any mental health conditions or concerns. There was no reasonable basis to request an additional mental health evaluation,

based on the first evaluation and Petitioner's ability to function and correspond with appointed counsel.

The post-conviction court's findings regarding Plaintiff's mental health also support appointed counsel's decision. The court found that nothing in the record supported a request for a second mental health evaluation or that Petitioner was incompetent to stand trial. Petitioner's conduct during the hearings and the trial did not raise any concerns about Petitioner's mental health. No evidence supports Petitioner's claim that appointed counsel's failure to request a second mental health evaluation was unreasonable.

### GROUND THREE

Petitioner, in ground three of his motion, alleges appointed counsel was ineffective due to cumulative deficient performance, manifesting hostility and conflict of interest. To support his claim, Petitioner alleges: (1) counsel attempted to conduct his first interview with Petitioner in a public area around other inmates; (2) appointed counsel would not meet with Petitioner at the jail after his first visit, but corresponded with Petitioner by letters; (3) appointed counsel failed to investigate Petitioner's suggestions regarding his defense; and (4) appointed counsel was not present at the July 21, 2005 hearing to discuss Petitioner's motion for new counsel. Petitioner alleges that all of these actions together rendered appointed counsel's assistance ineffective.

The allegations made by Petitioner do not support his claim that appointed counsel's performance was cumulatively deficient. First, while Petitioner claims that appointed counsel conducted the first interview in a public area at the jail, Petitioner does not allege the

actions prejudiced him. Second, appointed counsel mainly conducted trial preparation with Petitioner by letters. This decision by appointed counsel was not unreasonable as the record shows Petitioner threatened to kill appointed counsel and asked appointed counsel to not return to the jail. Third, Petitioner's contention that appointed counsel did not follow Petitioner's suggestions for trial defense and strategy is without merit. Petitioner's complaints in this regard amount to a criticism of his counsel's trial strategy. None of the complaints are serious enough to rebut the presumption that counsel's trial strategy was not reasonable.  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." <u>Strickland</u> at 690 (quoting <u>Michel v. Louisiana</u> 350 U.S. 91, 101 (1955)).

Petitioner's criticisms of counsel's trial strategy were reviewed by the state court in Petitioner's 3.850 motion. The court found counsel's performance was far from deficient, and Petitioner fails to demonstrate that the judge misapplied <u>Strickland</u>. Lastly, Petitioner's argument that appointed counsel was not present for the hearing on the motion for new counsel contains no allegation of how this action prejudiced Petitioner. Petitioner does not claim that the outcome of the hearing would have been any different had his counsel attended.

The state court, at the July 21, 2005 hearing and later on Petitioner's post-conviction motion, found appointed counsel's performance did not constitute ineffective assistance of

counsel. This Court concludes the state court's findings are reasonable. Petitioner's claims of ineffective assistance of counsel are without merit.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 18, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2008\08-cv-955.deny 2254.wpd*